595-07/PJG/BGC
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Barbara Carnevale (BC 1651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GOLDENPORT SHIPMANAGEMENT LTD.,

                                    Plaintiff,

        - against -

SHANGHAI HUACHENG MARINE SPARE
PARTS SUPPLY & SERVICE LTD. a/k/a
HUA CHENG MARINE SPARE PARTS and
SERVICE LTD. and CSSS MARINE SPARE
PARTS LIMITED,

                                    Defendants.
-------------------------------------------------------------x

**JUDGE BUCHWALD**

**07 CV 10495**

**VERIFIED COMPLAINT**

NOV 20 2007

U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Goldenport Shipmanagement Ltd. (hereinafter "Plaintiff" or "Goldenport"), by

its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against the

Defendants Shanghai Huacheng Marine Spare & Parts Supply & Service Ltd. a/k/a Hua Cheng

Marine Spare Parts and Service Ltd. (hereinafter "Shanghai Huacheng") and CSSS Marine Spare

Parts Limited (hereinafter "CSSS") (collectively "Defendants"), alleges upon information and

belief as follows:

NYDOCS1/290267.1

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.    At all times relevant hereto, the Plaintiff Goldenport was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office in Athens, Greece.

3.    At all times relevant hereto, the Defendant Shanghai Huacheng was and still is a foreign business entity duly organized and existing under the laws of China with an office and place of business at No. 62 Zhaohua Road, Shanghai 200050, PRC, but no office or presence within this District.

4.    At all times relevant hereto, the Defendant CSSS was and still is a foreign business entity duly organized and existing under the laws of China with an office and place of business in care of the Defendant Shanghai Huacheng at the address identified in paragraph 3 above but no office or presence within this District.

5.    In September, Plaintiff, in the capacity as owner of the vessel ACHIM, entered into a maritime contract with the Defendants for the purchase and supply of a replacement crankshaft for the above referenced vessel.

6.    The contract included certain terms, conditions and specifications with respect to the condition and type of crankshaft to be supplied.

7.    The crankshaft was shipped, but upon arrival at the vessel, it was determined to be off specification and not in accordance with the description contained in the supply agreement, and could not be installed in the vessel.

8.   As a consequence of the foregoing, the Plaintiff suffered damages in having to arrange for a replacement crankshaft, which damages, as nearly as can be estimated, total $306,400, which includes, *inter alia*, the cost of a second replacement shaft, together with the attendant shipping and packaging costs as well as the attendant delay to the vessel in sailing.

9.   This action is brought to obtain security in favor of Plaintiff and to recover for the damages suffered as a consequence of breach.

10.  Upon information and belief, and after investigation, the Defendants cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts and/or letters of credit of, belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), moving through banking institutions and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein, with the total amount to be attached being $343,168.00, representing the principal amount of the claim plus an allowance for the recoverable interest during the pendency of this action.

WHEREFORE, Plaintiff prays:

a.      That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged, and for judgment on the Plaintiff's claim;

b.      That since Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to

and including the sum of **$343,168** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts and/or letters of credit of, belonging to, due or for the benefit of the Defendants (as identified herein) moving through or within the banking institutions and/or any other institutions or any garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       November 20, 2007

                          FREEHILL HOGAN & MAHAR, LLP
                          Attorneys for Plaintiff

                          By:_____
                               Peter J. Gutowski (PG 2200)
                               80 Pine Street
                               New York, NY  10005
                               (212) 425-1900
                               (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York      )
                       ) ss.:
County of New York  )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1.      I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client through their English solicitors.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski (Pg 2700)

Sworn to before me this
20 day of November, 2007

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010