595-07/PJG/BGC
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BC 1651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GOLDENPORT SHIPMANAGEMENT LTD.,

                               Plaintiff,

    - against -

SHANGHAI HUACHENG MARINE SPARE
PARTS SUPPLY & SERVICE LTD. a/k/a
HUA CHENG MARINE SPARE PARTS and
SERVICE LTD. and CSSS MARINE SPARE
PARTS LIMITED,

                               Defendants.
------------------------------------------------------------x

JUDGE BUCHWALD
07 CV 10495

CARNEVALE AFFIDAVIT
PURSUANT TO RULE B(1)
AND IN SUPPORT OF
ORDER APPOINTING
PERSON TO SERVE
PROCESS PURSUANT TO
RULE 4(c) AND DEFINING
SCOPE OF SERVICE

State of New York   )
                          ) ss.:
County of New York  )

BARBARA CARNEVALE, being duly sworn, deposes and says as follows:

1.    I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and I am an attorney associated with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

2.    This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiff's

NYDOCS1/294249.1

application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below).

3. Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendants SHANGHAI HUACHENG MARINE SPARE PARTS SUPPLY & SERVICE LTD. a/k/a HUA CHENG MARINE SPARE PARTS SUPPLY and SERVICE LTD. and CSSS MARINE SPARE PARTS LIMITED (hereinafter "Defendants") are corporations or other business entities that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on November 20, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendants and the search results indicated that Defendants are not a New York corporation, nor licensed, authorized or registered to do business in the State of New York as either domestic or international corporations;

(b) Deponent consulted with Directory Assistance for New York on November 20, 2007 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listings for the Defendants were located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2007 Edition (Vol. 1 New York Metropolitan Area) and no listings were found for the Defendants;

(d) Deponent accessed on November 20, 2007, through MSN and Yahoo! Search engines the yellow pages telephone directory database and found

no listings in that database for any offices or agents of the Defendants within this district;

(e)    Deponent is unaware of any general or managing agent(s) within this District for the Defendants.

4.    Based upon the foregoing, your deponent submits that the Defendants cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendants as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

5.    Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing myself, Peter Gutowski, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendants.

6.    Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendants.

7.    To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of

NYDOCS1/294249.1

physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

8. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendants within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served and up through the end of the next business day, providing service is made the next business day, and authorizing service by facsimile or email following an initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated from within the District.

_____
BARBARA G. CARNEVALE

Sworn to before me this
___ day of November, 2007

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/294249.1